FILED
02 SEP 26 PM 3: 1
U.S. DISTRICT COUR
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| ALYCE D. BROWN, | } | |
| Plaintiff, | } | |
| vs. | } | CV 00-B-0904-NW |
| UNIVERSITY OF NORTH ALABAMA; et al., | } | |
| Defendants. | } | |

ENTERED
SEP 26 2002

### MEMORANDUM OPINION

This matter is before the court on the motions for attorneys' fees, filed by defendant, Board of Trustees for the University of North Alabama. (Docs. 41, 42, 54, 62.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's motions are due to be granted.

Defendant asks this court to grant its motions for attorneys fees as a sanction against plaintiff, Alyce D. Brown, and her attorney and daughter, Ouida Brown,[1] pursuant to Fed. R. Civ. P. 11 and 42 U.S.C. § 1988. Plaintiff sued defendant, alleging race discrimination and retaliation in violation of Title VII. Defendant filed a motion for summary judgment, which the court has granted, dismissing plaintiff's claims with prejudice.

---

[1] At the early stages of this litigation, plaintiff was represented by Danita T. Haskins. Ms. Haskins withdrew from this matter and defendant does not seek attorneys' fees from Ms. Haskins or any other sanction based on her performance as plaintiff's attorney.

1



Defendant's counsel took plaintiff's deposition on December 12, 2000. Defendant's counsel asserts that plaintiff's sworn testimony revealed that she had no evidentiary support for her claims. By letter, dated December 18, 2000, defendant's counsel, Brian Bostick, advised plaintiff's counsel of the fact that defendant considered plaintiff's counsel continuing pursuit of her claims was a violation of Rule 11. The letter stated:

> I write this letter to address some concerns that James Pennington and I have after hearing Dr. Brown's testimony at her December 12, 2000 deposition. . . . Dr. Brown's testimony clearly does not provide evidentiary support for the claims you have asserted in the complaint, and [plaintiff's] your claims do not have a proper legal basis.
>
> You have asserted claims for racial harassment and discrimination, and retaliation in your complaint. Each of these disparate treatment claims require[s] a showing of <u>intentional</u> discrimination or retaliation. Dr. Brown testified in her deposition that she does not believe that she has been subjected to intentional discrimination. Her theory is that she was subjected to discrimination on the basis of some unintentional act. Her testimony does not support any of the claims you have asserted in the complaint.
>
> In addition, it is clear that the smattering of trivial incidents that Dr. Brown pointed to in support of her harassment and retaliation claims do not rise to a level sufficient to state a hostile work environment claim or an adverse employment action for purposes of a retaliation claim. Furthermore, there is no evidence at all that any of the incidents you allege constitute "harassment" have anything whatsoever to do with race. Further, the Eleventh Circuit has made clear that "[a] university can assign its professors to teach the classes it needs them to teach." <u>Gupta v. Florida Bd. of Regents</u>, 82 FEP Cases 1863 (11th Cir. 2000).[2] We suggest that you review <u>Gupta</u> and other relevant Eleventh Circuit case law discussing what factual support is necessary to support your harassment and retaliation claims.

---

[2]*Gupta v. Fla. Bd. of Regents*, 212 F.3d 571 (11th Cir. 2000), *cert. denied*, 531 U.S. 1076 (2001).

>Finally, Dr. Brown asserts that she was discriminatorily denied promotions on the basis of her race. Dr. Brown admitted in her deposition that she was no more qualified than the persons who were selected for promotion. In the case of <u>Lee v. GTE Florida, Inc.</u>, 226 F.3d 1249 (11th Cir. 2000), the Eleventh Circuit held that to prove that an employer's stated reason for a promotion is pretextual the applicant must show that "she was substantially more qualified than the person promoted." It is clear that Dr. Brown does not contend that she can meet this burden. Thus, her claims are not supported by existing law. This is particularly true given the fact that Dr. Brown admits that she does not think she was intentionally discriminated against.
>
>James and I understand that you feel a duty to your mother to pursue her claims, but, as an officer of the court, you owe a duty to the Court to only pursue claims that fall within the requirements of your Rule 11 obligations. The claims you have asserted in [plaintiff's] complaint do not have sufficient legal or factual support to meet this requirement. Pursuant to Rule 11, we ask that you dismiss all claims within 21 days from the service of this letter. We intend to pursue the remedies available to the University under Rule 11 and under 42 U.S.C. § 2000e-5(k) in the event that you do not dismiss this action. We are hopeful that this matter can be resolved without Court involvement and we look forward to your prompt response.
>
>Sincerely,
>
>[Signature]
>
>Brian Bostick

(Doc. 42, Exh. A (emphasis in original).) Plaintiff's counsel did not respond to this letter. Plaintiff did not dismiss her claims and discovery in this matter continued. After the close of discovery, defendant filed a motion for summary judgment which was granted by the court.

3

**DISCUSSION**

Defendant has asked this court for an order awarding attorneys' fees pursuant to Fed. R. Civ. P. 11, against plaintiff's counsel, and against plaintiff pursuant to 42 U.S.C. § 1988. Defendant only seeks reimbursement for the fees incurred after plaintiff was given the opportunity to dismiss her case and refused to do so. For the reasons set forth below, defendant's motions are due to be granted.

A.  **RULE 11**

The Eleventh Circuit has held that Rule 11 sanctions are appropriate when counsel "files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)(footnote omitted). In order to award attorneys' fees pursuant to Rule 11, the court must determine whether counsel's conduct was reasonable under the circumstances existing at the time a pleading is filed or a position reaffirmed or advocated to the court. *See* Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments), *quoted in Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996). The Eleventh Circuit "requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* "[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first

4

impression." *Id*. "Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief." *Id*.

In this case, plaintiff alleged that she had been passed over for a promotion and suffered harassment because of her race and in retaliation for filing an EEOC charge. The court granted defendant's motion for summary judgment on the grounds that there were no disputed issues of material fact and that defendant was entitled to judgment as a matter of law.

Specifically, the court found that the alleged acts of harassment were not based on plaintiff's race and, as a matter of law, were not sufficiently severe or pervasive to constitute actionable harassment. *See* Mem. Op. (citing, *inter alia*, *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000). The court is of the opinion that plaintiff's claims of racial harassment were objectively frivolous (*see* Mem. Op.) and when plaintiff's counsel filed the complaint she should have been aware, based on the law, that this claim was frivolous.

Plaintiff's promotion claim failed because she could not show a similarly-situated white employee, equally or less qualified for a promotion, whom defendant treated more favorably that plaintiff. The law in the Eleventh Circuit is clear, and was clear on December 18, 2000, (the date defendant's counsel wrote plaintiff's counsel requesting the case be dismissed), that a plaintiff alleging discrimination with regard to a promotion must show that she was "substantially more qualified than the person promoted." *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1254 (11th Cir. 2000)(decided September 13, 2000), *cert. denied* 532 U.S.

958 (2001). Plaintiff admitted in her deposition that she was not more qualified for a promotion than her asserted comparator.[3] Based on the foregoing, the court finds that plaintiff's promotion claims were objectively frivolous and that plaintiff's counsel should have realized the claims were frivolous after plaintiff's deposition, if not before.

The court dismissed plaintiff's retaliation claims because plaintiff did not demonstrate that she had suffered an actionable adverse employment action or that there was a causal connection between her EEOC charge in 1994 and the alleged adverse employment actions several years later. As to this claim, the court is also of the opinion that plaintiff's claim of retaliation was objectively frivolous and plaintiff's counsel should have been aware at the time she filed the complaint, based on existing law, that this claim was frivolous.

---

[3]Plaintiff testified as follows:

Q. Is she [plaintiff's comparator] as qualified as you for promotion?

A. I would think so.

Q. Is she more qualified than you?

A. I don't think so.

Q. Are you more qualified than her?

A. I don't think so.

Q. Okay. You're equally qualified?

A. Yes.

(Doc. 39, Ex. A at 154.)

6

Defendant's motion for recovery of attorneys' fees pursuant to Rule 11 is due to be granted. Plaintiff's counsel will be ordered to pay defendant's reasonable attorney fees incurred since January 2001.

In sum, the court is of the opinion that at the time she filed her complaint, plaintiff's counsel should have known that plaintiff's harassment and retaliation claims had no basis in fact or law. Even assuming plaintiff believed she had an actionable promotion claim when the complaint was filed, she acknowledged in her deposition that she did not contend she was more qualified than her alleged comparator for promotion. When that evidence was emphasized to plaintiff's counsel in defendant's December 18, 2000, letter, counsel should have known that plaintiff's promotion claim could not succeed. Indeed, in her opposition to defendant's motion for summary judgment on this claim, plaintiff offered no evidence other than her own subjective belief that she was entitled to a promotion.

**B.    42 U.S.C. § 1988**

Defendant contends that it is entitled to an award of attorneys fees from plaintiff because it is the prevailing party for purposes of 42 U.S.C. § 1988, and plaintiff's claims were frivolous.

Under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the district court may award attorney's fees to a prevailing defendant against a plaintiff alleging employment discrimination if the court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. Among the factors the court considers in determining whether to order plaintiff to pay defendant's

7

attorneys' fees are: "(1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Turner*, 91 F.3d at 1422 (citing *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985)). "A case is frivolous if it is 'so lacking in arguable merit as to be groundless or without foundation.'" *Ruszala v. Walt Disney World Co.*, 132 F. Supp. 2d 1347, 1350-51 (M.D. Fla. 2000)(quoting *Sullivan*, 773 F.2d at 1188). "[W]here a plaintiff continues to litigate even after the claim was clearly groundless, frivolous, or unreasonable, an award of fees may be proper." *Id*. (citing *Turner*, 91 F.3d at 1423).

As set forth above, the court finds that plaintiff's claims were frivolous. Plaintiff did not demonstrate a prima facie case of race discrimination or retaliation. Although defendant offered to settle, the offer does not support a finding that plaintiff's claims were not frivolous. In March of 2001, defendant offered to settle plaintiff's lawsuit on the following terms:

> Plaintiff would dismiss this lawsuit, with prejudice and agree to retire effective December 31 2001; defendant would waive its claim against Dr. Brown for its attorneys' fees and would promote Dr. Brown to the rank of professor effective on the date of her retirement (with no monetary benefit to plaintiff). Dr. Brown was not offered any monetary payments by the defendant to settle her claims.[4]

*See* Defendant's Brief in Support of Its Motions for Recovery of Attorneys' Fees at p.7.

---

[4]Although there is no evidence in the record as to defendant's offer, in oral argument on defendant's Motion for Attorneys' Fees, defendant's counsel stated that this was the offer made to plaintiff. Plaintiff's counsel did not dispute that this was the offer made to her client.

8

Finally, plaintiff's claims were dismissed before a trial on the merits. Therefore, defendant's motion for attorneys' fees pursuant to 42 U.S.C. § 1988 is due to be granted. Plaintiff will be ordered to pay defendant's reasonable attorney fees incurred since January 2001.

### C. AMOUNT OF FEES

#### 1. HOURLY RATE

Defendant's attorneys request an hourly rate of $190 for James Pennington and $150 for Brian Bostick. Plaintiff has filed an opposition to each of defendant's motion for fees; however, she does not contest the hourly rate or the number of hours as unreasonable. Based on its review of the record, the court finds that the hourly rates are reasonable.

#### 2. HOURS SPENT

Defendant requests a fee for a total of 266.90 hours – 218.40 hours for Bostick and 48.50 hours for Pennington. The court finds that the number of hours requested by defendant is due to be reduced to 233 hours for the reasons set forth below.

##### a. Brian Bostick

Bostick claims a total of 218.4 hours for work done in this matter on behalf of defendant. The court has reviewed the record and finds that 26.4 hours are to be disallowed. The court has reduced Bostick's hours as follows:

> Summary Judgment Submission: Bostick claims **81.5 hours** for the preparation of defendant's summary judgment submission. The motion, however, did not involve complex issues of law or fact. Therefore, the court finds that 81.5 hours is excessive and that a reasonable time spent preparing defendant's summary judgment submission is **60 hours**.

9

Travel Time: Bostick claims **5 hours** for travel to and from Florence in April 2001. However, in March 2001, this trip took him 4 hours. Therefore, the court has reduced the amount claimed for travel to and from Florence in April 2001 to **4 hours**.

Review of Plaintiff's Response to Summary Judgment: Bostick claims **2 hours** for reviewing plaintiff's response to defendant's motion for summary judgment. The court finds that review of plaintiff's response to defendant's motion for summary judgment should have taken no longer than **1.5 hours**.

Preparation and Attendance at Hearing: Bostick claims **6.4 hours** for preparing and attending the court's hearing on the motion for summary judgment. The court finds that this time is excessive and that the reasonable amount of time spent preparing and attending the hearing is **3 hours**.

Based on the foregoing, the court awards defendant's attorney, Brian Bostick, a fee of **$28,800** ($150 x 192 hours).

      b.    **James Pennington**

Pennington claims a total of 48.5 hours for work done in this matter on behalf of defendant. The court has reviewed the record and finds that 7.5 hours are to be disallowed. The court has reduced Pennington's hours as follows:

Review of Plaintiff's Response to Summary Judgment: Pennington claims **3.5 hours** for reviewing plaintiff's response to defendant's motion for summary judgment. The court finds that review of plaintiff's response to defendant's motion for summary judgment should have taken no longer than **1.5 hours**.

Preparation and Attendance at Hearing: Pennington claims **8.5 hours** for preparing and attending the court's hearing on the motion for summary judgment. The court finds that this time is excessive and that the reasonable amount of time spent preparing and attending the hearing is **3 hours**.

Based on the foregoing, the court awards defendant's attorney, James Pennington, a fee of **$7,790** ($190 x 41 hours).

Therefore, the court finds that a reasonable fee for defendant's attorneys is **$36,590**.

## **CONCLUSION**

For all of the foregoing reasons, the court is of the opinion that defendant's motions for attorneys' fees are due to be granted. The court will enter a judgment against plaintiff, Alyce D. Brown, and her attorney, Ouida Brown, joint and severally, in the amount of **$36,590**, which represents reasonable attorneys' fees pursuant to § 1988 and Rule 11. A separate judgment will be entered.

**DONE** this 26th day of September, 2002.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge